**MARILYN D. GARNER**
Attorney at Law
2001 E. Lamar Blvd., Suite. 200
Arlington, Texas 76006
(817) 505-1499
(817) 549-7200 (FAX)

PROPOSED ATTORNEY FOR DEBTOR
AND DEBTOR IN POSSESSION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE | § § | |
| JEMORRIS VENTURES, LLC | § § § | CASE NO. 24-41590-ELM-11 |
| Debtor | | |

**DEBTOR'S MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS AUTHORIZING USE OF CASH COLLATERAL AND GRANTING RELATED RELIEF**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

JEMorris Ventures, Inc. (the "Debtor"), as debtor and debtor in possession, files this motion (the "Motion") pursuant to sections 105(a) and 363 of title 11 of the United States Code, as amended (the "Bankruptcy Code"), and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of interim and final orders (a) authorizing the use of cash collateral, (b) granting adequate protection, and (c) granting related relief. In support thereof, the Debtor respectfully states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## PROCEDURAL BACKGROUND

2. On May 7, 2024 (the "Petition Date"), the Debtor filed a voluntary petition in this Court for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

3. The Debtor continues to manage and operate its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. No creditors' committee has been appointed in this case by the United States Trustee. Further, no trustee or examiner has been requested or appointed in this chapter 11 case.

## FACTUAL BACKGROUND

**A. The Debtor's Business Operation**

5. Debtor owns and operates a commercial construction/general contracting business in Abilene, Texas.

**B. The Cash Collateral**

6. The Debtor has interests in certain funds that its lender may contend constitute "Cash Collateral" as defined in section 363 of the Bankruptcy Code.

**C. Small Business Administration**

7. On or about August 27, 2020, Debtor, as borrower, and U.S. Small Business Administration ("SBA") as lender, entered into that certain Promissory Note for Secured Disaster Loan (the "Note") in the original principal amount of $ 61,1000.00. The Note is secured by a Security Agreement ("Security Agreement) of even date granting SBA a security interest in Debtor's tangible and intangible property including, but not limited to: inventory, equipment; letters of credit rights, accounts; deposit accounts and general intangibles.

**D**     **Swift Financia, LLCl**

8.      On or about October 3, 2022, Debtor, as borrower, and WebBank as lender, entered into that certain Loanbuilder Loan Agreement and Security Agreement (the "WebBank Note") in the original principal amount of $150,000.00.   Swift Financial, LLC is the servicing Agent for WebBank.     The WebBank Note is secured by a UCC Financing Statement filed of record on May 12, 2022.   (the "WebBank Security Agreement") of even date granting WebBank a security interest in Debtor's tangible and intangible property including, but not limited to:   inventory, equipment; letter of credit rights, accounts deposit accounts and general intangibles.   After obtaining an arbitration award against Debtor, Swift Financial LLC, as Servicing Agent for WebBank filed its Motion for Summary Judgment in the action styled <u>Swift Financial, LLC v. JEMorris Ventures, LLC</u>, Cause No.29066-b, in the 104th Judicial District Court, Taylor County, Texas.   The Summary Judgment entered by the 104th Judicial District Court of Taylor County, Texas was entered on March 28, 2024 and was abstracted in Taylor County, Texas.

## RELIEF REQUESTED

9.       By this Motion, the Debtor seeks entry of interim and final orders pursuant to sections 105(a) and 363 of the Bankruptcy Code and Rule 4001 of the Bankruptcy Rules authorizing the use of the SBA and Swift Financial, LLC's collateral (collectively, the "Cash Collateral").   On an interim basis, the Debtor seeks the entry of an order providing for Debtor's use of the Cash Collateral to pay Debtor's operating expenses and professional fees. Specifically, the Debtor requests that it be allowed to use $$150,000.00 of the Cash Collateral monthly for the payment of the Debtor's operating expenses as set forth in the 30-day operating budget attached here to as <u>Exhibit "A"</u> (the "Budget").   In addition, the Debtor requests the entry

of a final order providing it the authority to use the Cash Collateral on an ongoing basis.

## BASIS OF RELIEF

### A. The Secured Lender's Interests Are Adequately Protected

10. The Debtor submits that the interests of the SBA and Swift Financial LLC are adequately protected and that, therefore, the Court should grant the relief requested herein.

11. The value of Debtor's personal property on which SBA and Swift Financial may assert a lien as stated on Schedules A/B filed herein is $466,066.06. The current balance owing under the SBA Note and Security Agreement is approximately $69,543.10. The current amount owed to Swift Financial Services, LLC is $193,778.63. Thus, SBA and Swift Financial, LLC have an equity cushion in excess of $200,000.00.

12. The interests of the SBA and Swift Financial are adequately protected by a significant equity cushion on certain of the Debtor's personal property. *See In re Mellor,* 734 F.2d 1396, 1400 (9th Cir. 1984) (the existence of an equity cushion, standing alone, can provide adequate protection); *In re Vasquez,* No. 09-47043-dml-13, 2010 Bankr. LEXIS 610, t *8 (Bankr. N.D. Tex. Mar. 3, 2010) ("If a debtor has sufficient equity in the lender's collateral the lender may be adequately protected by the equity cushion"). Case law has consistently held that an equity cushion of 20 percent or more constitutes adequate protection. *Mendoza v. Temple-Inland Mortg. Corp. ( In re Mendoza),* 111 F.3d 1264, 1272 (5th Cir. 1997) (Justice, J., concurring in part and dissenting in part) (quoting *In re Kost,* 102 B.R. 829, 831 (Bankr. D.Wyo. 1989) (collecting cases). *Accord Suntrust Bank v. Den-mark Constr., Inc.,* 406 B.R. 683, 699 n.24 (E.D.N.C. 2009). As the SBA and Swift Financial, LLC''s claims are protected by a significantequity cushion, the SBA and Swift Financial, LLC are adequately protected, and the Court should authorize the Debtor's use of the Cash Collateral.

B. **The Relief Requested is Reasonable and Necessary**

13. The relief requested herein is necessary to prevent immediate and irreparable harm to the Debtor's chapter 11 estate and should provide sufficient funds to permit the Debtor to continue to operate its business. The Debtor asserts that an immediate and critical need exists for the Debtor's use of the Cash Collateral in order to continue the operation of its business and that without the use of the Cash Collateral, the Debtor will not be able to pay its contract workers (payroll) and other direct operating expenses or obtain goods and services needed to carry on its business during this sensitive period. The Debtor asserts that, at this time, the Debtor's ability to use the Cash Collateral is vital to the confidence of the Debtor's workers and is crucial to the preservation and maintenance of the going concern value of the Debtor's estate.

14. To remain in possession of its property, to continue its business activities, and to achieve a successful reorganization, the Debtor requests use of Cash Collateral in its ordinary business operations. The Debtor currently has no present borrowing source from which it could secure funding to operate its business, and therefore, it must rely on its ability to use Cash Collateral to fund the operation of its business. Specifically, the Debtor requests the use of Cash Collateral for the payment of certain operating expenses relating to the payment of wages to its Independent contractors or employees and managers as well as associated costs such as employee benefits, withholding taxes, and utilities and for such other expenses as reflected in the Budget. The Debtor believes that payment of the operating expenses reflected in the Budget is reasonable and necessary in order to continue the Debtor's business operations.

15. In the event the Court does not authorize the Debtor's proposed use of Cash Collateral, the Debtor believes that it will be unable to maintain its current business operations or to confirm a plan of reorganization as contemplated by the Bankruptcy Code. Thus,

without the use of Cash Collateral, the Debtor will be seriously and irreparably harmed, and it will be unable to preserve its going concern business value.

### C.     Interim Relief Is Necessary to Prevent Immediate and Irreparable Harm to the Debtor's Estates

16.     One of the Debtor's most pressing concerns is the need for immediate use of a portion of the Cash Collateral pending a final hearing on this Motion. On an interim basis, the Debtor requests that it be permitted to use $ 150,000 per month of the Cash Collateral for the payment of operating expenses and professional fees. Bankruptcy Rule 4001 (b) provides that a final hearing on a motion to use cash collateral pursuant to section 363 of the Bankruptcy Code may not be commenced earlier than fourteen (14) days after the service of such motion. *See* Fed. R. Bankr. P. 4001(b); 11 U.S.C. §363. Upon request, however, the Court is empowered to conduct a preliminary expedited hearing on the motion and authorize the restricted use of cash collateral to the extent necessary to avoid immediate irreparable damage to Debtor's estate. Fed. R. Bankr. P. 4001(b)(2). The Debtor requires use of Cash Collateral to pay present operating expenses, including payroll, professional fees, and other expenses essential to the Debtor's continued viability.

17.     The Debtor requests immediate authority to use the Cash Collateral to fund its day-to-day operations. Absent such relief, the Debtor will not be able to continue to operate its business. In sum, failure to obtain authorization for the use of Cash Collateral will be disastrous to the Debtor and its creditors. Granting the interim relief requested herein will minimize disruption to the Debtor's business and operations and permit the Debtor to meet payroll and other operating expenses. Absent use of the Cash Collateral, the Debtor's estate will not have sufficient funds to satisfy its ongoing business obligations. Allowing use of Cash Collateral, to

the extent provided by the proposed Interim Order, therefore, is in the best interest of the Debtor's estate.

18. The use of Cash Collateral is reasonable under the circumstances. Moreover, as stated above, the interests of the SBA are adequately protected by virtue of the fact that its claim is over secured by its lien and security interest in the Debtor's assets that secures the SBA's debt. Moreover, the Debtor is confident that it can successfully reorganize in a relatively short period of time.

## LIMITED NOTICE

19. Notice of this Motion has been provided to (a) the office of the United States Trustee for the Northern District of Texas, (b)Small Business Administration, (c) the holders of the twenty (20) largest claims against the Debtor, and (d) all parties requesting notice in this chapter 11 case, as set forth in the Certificate of Service filed herewith. The Debtor submits that no other or further notice need be provided.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court (i) grant the Motion; (ii) enter the proposed Interim Order; (iii) after a final hearing on this Motion, enter a final order granting relief requested herein, and (iv) grant such other and further relief as is just and proper.

Dated: June 21, 2024                        Respectfully submitted,

*/s/ Marilyn D. Garner*
Marilyn D. Garner
SBOT 07675550
2001 E. Lamar Blvd., Suite 200
Arlington, TX 76006
(817) 505-1499; (817) 549-7200 (FAX)
PROPOSED ATTORNEY FOR DEBTOR
AND DEBTOR IN POSSESSION

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that a copy of the foregoing document was sent via first class and/or electronic mail to the parties listed on the mailing matrix attached to the Court filed original Motion on   June 18, 2024 and to all parties requesting notice in this case.


                                      */s/ Marilyn D. Garner*
                                      Marilyn D.   Garner